# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**FREDDY ORJUELA, SR.,**

    Petitioner,

v.

                              Case No.: 8:18-cv-848-T-27AEP
                              Criminal Case No.: 8:16-cr-397-T-27AEP

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** are Petitioner Orjuela's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (cv Dkt. 1), and the United States' Response (cv Dkt. 7). Upon review, the motion is **DENIED**.

## BACKGROUND

In 2016, Orjuela was indicted and charged with one count of making a false statement on a loan application from a federally insured financial institution, in violation of 18 U.S.C. § 1014 and § 2. (cr Dkt. 1). The evidence presented at trial established that, on an application for a construction loan with Century Bank, he falsely indicated he owned a mortgage company, earned $30,000 per month, and had not declared bankruptcy in the previous seven years. (cr Dkt. 86 ¶¶ 6-8); *see also* (cr Dkt. 103 at 4-5). The loan was approved, and Orjuela eventually stopped making his monthly payments. (Id. ¶¶ 9-10). The bank began foreclosure proceedings and, in total, lost $960,020. (Id. ¶ 10). A jury found him guilty on the one count. (cr Dkt. 80).

According to the presentence investigation report (PSR), because the offense's maximum penalty was greater than 20 years, the base offense level was 7. (cr Dkt. 86 ¶ 17). A 14-level

1

enhancement applied due to the amount of loss exceeding $550,000, and a 2-level enhancement applied because Orjuela derived more than $1,000,000 in gross receipts. (Id. ¶¶ 18-19). With a total offense level of 23 and criminal history category of II, his guidelines range was 51-63 months. (Id. ¶¶ 26, 33, 64).

Counsel objected to the paragraphs in the PSR relating to the factual basis of the offense and Orjuela's prior conviction for conspiracy to commit bank fraud. (cr Dkt. 86 at 13-16). He also contended that Orjuela "may qualify for a departure under §5K2.0 and §2B1.1 19(c)" and that a downward variance was appropriate. (Id. at 16). Counsel filed a sentencing memorandum, in which he requested a sentence of 13 months in light of the 18 U.S.C. § 3553(a) factors. (cr Dkt. 88 at 6-9).

At sentencing, counsel raised the objections to the factual basis of the offense and prior conviction. (cr Dkt. 103 at 4-6). The objections were overruled. (Id. at 5, 7). Counsel further requested that the Court vary downward from the guidelines range and impose a 13-month sentence. (Id. at 17-18). Orjuela was sentenced to 24 months imprisonment. (Id. at 38; cr Dkt. 91). He did not appeal.

Orjuela filed a motion to reduce his sentence as a minor participant in the crime under §3B1.2, as amended by Amendment 794 to the United States Sentencing Guidelines. (cr Dkt. 105). The Court denied the motion, explaining that

> Amendment 794 became effective . . . *before* [he] was sentenced. And [his] contention that his guidelines were incorrectly calculated is not a cognizable claim because that claim must be presented on direct appeal. Finally, [his] claim of ineffective assistance may be raised in a [§ 2255 motion] on the prescribed form.

2

(cr Dkt. 106). The Court also noted that "Amendment 794 is a clarifying amendment to the commentary to USSG § 3B1.2, rather than a substantive change in the guidelines, and is therefore not retroactively applied on collateral review." (Id. (citing *United States v. Jerchower*, 631 F.3d 1181, 1187 (11th Cir. 2011)); *see also Burke v. United States*, 152 F.3d 1329, 1332 (11th Cir. 1998) ("We thus hold that a claim that the sentence imposed is contrary to a post-sentencing clarifying amendment is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice.").

In his § 2255 motion, Orjuela raises two grounds for relief. In Ground One, he contends that he

> is entitled to a sentence reduction under Amendment 794 of the United States Sentencing Guidelines. . . . [He] filed a motion seeking such relief which was denied by the District Court which concluded, in whole or in part, that the matter of a sentence reduction should have been raised on direct appeal. Consequently the Court advised [him] to seek permission to file a claim under § 2255 regarding ineffective assistance of counsel.

(cv Dkt. 1 at 4). In Ground Two, he "seeks permission from this Court to file a claim under § 2255 for the ineffective assistance of counsel in failing to file a direct appeal regarding his sentence under Amendment 794 of the U.S.S.G." (Id. at 5). He further "contends that the evidence in his case will likely show that he should have been given a sentence reduction under Amendment 794 of the U.S.S.G. and that trial counsel failed to timely raise the issue at the time of the sentencing or on direct appeal." (Id.).

The United States contends that Orjuela's claims are without merit. (cv Dkt. 7).[1] The Court agrees.

---

[1] The United States also contends that Orjuela's claims are untimely. (cv Dkt. 7 at 5-8). Because the claims are without merit, it is unnecessary to determine whether they are untimely.

3

## DISCUSSION

Orjuela's claims that counsel was ineffective in failing to request a two-level reduction under §3B1.2 as amended by Amendment 794 at sentencing and on appeal are without merit. To the extent the claims are raised independent to an ineffective assistance of counsel claim, they are not cognizable in a § 2255 proceeding. *See Burke*, 152 F.3d at 1332; *see also Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014) (concluding that on a § 2255 motion a prisoner may challenge a sentencing error "when he can prove that he is either actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated").

### *Ground One: Ineffective Assistance of Counsel at Sentencing*

Construing Ground One liberally, Orjuela claims that his counsel was ineffective in failing to argue at sentencing that he was entitled to a two-level reduction under §3B1.2 as amended by Amendment 794. (cv Dkt. 1 at 4). To establish ineffective assistance of counsel, he must demonstrate that (1) counsel's performance was constitutionally deficient, and (2) he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. And "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (citation and internal quotation marks omitted).

Because Orjeula cannot show deficient performance or any resulting prejudice, the claim

4

fails. Section 3B1.2 of the United States Sentencing Guidelines directs the sentencing court to decrease a defendant's offense level by 2 levels "[i]f the defendant was a minor participant in any criminal activity." U.S.S.G. §3B1.2. A minor participant is one "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." *Id.* cmt. n.5. Amendment 794 added a non-exhaustive list of factors relevant to this determination:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
>
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
>
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
>
> (v) the degree to which the defendant stood to benefit from the criminal activity.

*Id.* cmt. n.3(C).[2] The commentary further notes that "[t]his guideline is not applicable unless more than one participant was involved in the offense. . . . Accordingly, an adjustment under this guideline may not apply to a defendant who is the only defendant convicted of an offense unless that offense involved other participants in addition to the defendant and the defendant otherwise qualifies for such an adjustment." *Id.* cmt. n.2.

Counsel's performance was not deficient for his failure to request the two-level reduction,

---

[2] Prior to the amendment, the Eleventh Circuit had instructed courts analyzing a claim for a minor-role reduction to consider "first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." *United States v. Rodriguez De Varon*, 175 F.3d 930, 940 (11th Cir. 1999); *see also United States v. Cruickshank*, 837 F.3d 1182, 1192 (11th Cir. 2016) (outlining history of U.S.S.G. §3B1.2).

since the reduction was unwarranted. First, the guideline was not applicable because Orjuela was the only participant involved in the offense. And even if there were other participants, such as bank employees who processed his loan application, Orjuela was not entitled to the adjustment. His status as a former real estate agent and owner of several mortgaged properties, coupled with a prior conviction for conspiracy to commit bank fraud, demonstrate that he understood the scope and structure of the criminal activity. (cr Dkt. 86 ¶¶ 6, 8, 11, 30, 57). Moreover, he was the one to sign and submit the fraudulent loan application and stood to benefit from the criminal activity in the amount of the loan, which was more than $1,000,000. Based on this conduct, the reduction was inappropriate. *See Freeman v. Attorney General, State of Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008) ("A lawyer cannot be deficient for failing to raise a meritless claim.").

Because the two-level reduction for a minor role in the offense did not apply to Orjuela, he cannot establish any resulting prejudice. Indeed, there is no indication the Court would have applied the reduction had counsel raised the issue before or at sentencing. In the absence of deficient performance and prejudice, Orjeula's first claim fails.

### *Ground Two: Ineffective Assistance of Counsel in Failing to File a Direct Appeal*

In Ground Two, Orjuela claims that counsel was ineffective in failing to file a direct appeal asserting that a minor-role reduction was warranted. (cv Dkt. 1 at 5). As the Court noted in the order denying Orjuela's motion to reduce his sentence, Amendment 794 is clarifying and would therefore apply retroactively on appeal. *See Cruickshank*, 837 F.3d at 1194. As the United States points out, however, he does not allege that he requested his counsel to file an appeal, and the specific claim under §3B1.2 was without merit. (cv Dkt. 7 at 15-17); *see also Morris v. United States*, No. 2:13-cv-240-MHT, 2015 WL 5735649, at *8 (M.D. Ala. Sept. 30, 2015) (finding no

6

ineffective assistance of counsel where claim not raised on appeal was meritless); *see also Heath v. Jones*, 941 F.2d 1126, 1132, 1136 (11th Cir. 1991) (same).

It is true that an attorney's failure to file a notice of appeal when specifically requested constitutes ineffective assistance of counsel. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *Gomez-Diaz v. United States*, 433 F.3d 788, 791-92 (11th Cir. 2005). However, if a petitioner does not instruct counsel to file an appeal, the court must determine whether counsel was required to consult with the petitioner about an appeal. *Flores-Ortega*, 528 U.S. at 488; *see also Otero v. United States*, 499 F.3d 1267, 1270 (11th Cir. 2007) ("A criminal defense lawyer is not under a per se constitutional obligation to consult with his or her client about an appeal.").

This consultation requires counsel to "advis[e] the defendant about the advantages and disadvantages of taking an appeal, and mak[e] a reasonable effort to discover the defendant's wishes." *Flores-Ortega*, 528 U.S. at 478. "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480.

Here, there are several factors suggesting that counsel had no duty to consult with Orjuela about an appeal. First, Orjeula does not point to any nonfrivolous grounds for appeal. As discussed, the claim for a guidelines reduction under §3B1.2 is without merit. Second, he received a sentence below the guidelines range. (cr Dkt. 103 at 37-38). Additionally, apart from his conclusory assertion that counsel failed to file a notice of appeal, there is no indication that he reasonably

demonstrated an interest in appealing.³

Indeed, although an attorney's failure to file a notice of appeal when specifically requested constitutes ineffective assistance of counsel, Orjuela does not allege that he ever requested counsel to file a notice of appeal. And "[c]onclusory allegations of ineffective assistance are insufficient." *See Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Griffith v. United States*, 871 F.3d 1321, 1329 (11th Cir. 2017) (noting that, to be entitled to an evidentiary hearing, a petitioner must allege "reasonably specific, non-conclusory facts that, if true, would entitle him to relief"). Accordingly, in the absence of deficient performance or any resulting prejudice, Orjuela's second claim is due to be denied.

## *Certificate of Appealability ("COA")*

Orjuela is not entitled to a COA. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted). Orjuela has not met the standard. Because he is not entitled to a COA,

---

³ Orjuela's counsel filed an "Affidavit in Response to Orjuela's Section 2255 Petition" in which he avers that, because the crime was a "one-defendant false statement case, [he] did not discuss a minor role objection with [Orjuela]." (cv Dkt. 5 at 2). He further avers that he met with Orjuela twice after receiving the initial PSR, and then after the sentencing to discuss a possible appeal, but "no decision was made as there was concern about a cross appeal." (Id.). At a second meeting after the sentencing, Orjuela "decided to not file a direct appeal, since his claim was actual innocence." (Id.). These averments, which Orjuela does not expressly refute, satisfy any duty to consult with him about an appeal.

In any event, it is unnecessary to rely on counsel's affidavit to resolve the § 2255 motion, and an evidentiary hearing is not required because the motion "and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

he is not entitled to appeal *in forma pauperis*.

## CONCLUSION

Orjuela's § 2255 motion is **DENIED**. The Clerk is directed to enter judgment in favor of the United States and against Orjuela, and **CLOSE** the case.

**DONE AND ORDERED** this 24th day of February, 2020.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Petitioner, Counsel of Record